# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELA ALLEN-KLINE, ) | |
| ) | |
|         **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1136-JWL |
| CAROLYN W. COLVIN,[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
|         **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of Dr. Pimentel's medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.    Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD on February 25, 2010, alleging disability beginning May 2, 2009. (R. 10, 126-32). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (R. 10, 68-69, 82-84). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael D. Mance on August 2, 2011. (R. 10, 18-20). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 10, 18-67). On November 18, 2011 ALJ Mance issued a decision finding that this is a difficult case because the claimant now appears to be disabled, but that she did not meet her burden to show disability before June 30, 2009, her date last insured. (R. 10-17). He determined that through June 30, 2009 Plaintiff was able to perform her past relevant work as an administrative clerk, a dialysis technician, a dental assistant, and as a cashier, and was therefore not disabled within the meaning of the Act between May 2, 2009, the alleged onset date, and June 30, 2009, the date last insured. (R. 17). Consequently, he denied Plaintiff's application for benefits. Id.

Plaintiff provided a Representative Brief and sought Appeals Council review of the ALJ's decision. (R. 6, 297-98). The Council made the brief a part of the administrative record in this case, but determined that it did not provide a basis for changing the ALJ's decision. (R. 2, 4). It found no reason under the rules of the Social Security Administration to review the decision, and denied the request for review. (R. 1). Therefore, the ALJ's decision became the final decision of the Commissioner; (R. 1);

Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006); and Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

When deciding if substantial evidence supports the ALJ's decision, the mere fact that there is evidence in the record which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and noting that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Moreover, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is disabled only if she can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and

4

1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084. The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2011);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his

---

[2]Because the Commissioner's decision was issued on November 18, 2011, all citations to the Code of Federal Regulations in this opinion refer to the 2011 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2011, unless otherwise indicated.

past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Here, the ALJ made his decision at step four of the process, and did not continue to evaluate step five.

Plaintiff claims three errors in the ALJ's decision. She claims that he failed to support his RFC assessment with substantial record evidence, that he failed to infer an onset date of disability properly in accordance with Social Security Ruling (SSR) 83-20, and that he failed to evaluate Dr. Pimentel's treating source opinion properly. The Commissioner argues that the ALJ properly linked his RFC assessment to record evidence, and properly considered the medical opinion evidence, and that there was no need to infer an onset date of disability in the circumstances of this case. The court finds that the ALJ erred in evaluating Dr. Pimentel's medical opinion and that remand is necessary for the Commissioner to evaluate the opinion properly. Although the court sees little merit in Plaintiff's remaining arguments, it need not address them here, and if desired, Plaintiff may make them to the Commissioner on remand.

**III.    Evaluation of Dr. Pimentel's Treating Source Opinion**

Plaintiff claims the ALJ did not properly evaluate Dr. Pimentel's opinion. She acknowledges that the ALJ accorded "little weight" to Dr. Pimentel's opinions because they relate to Plaintiff's abilities after her date last insured, but she argues that Dr. Pimentel opined that Plaintiff's standing and lifting limitations applied even before June 30, 2009.  (Pl. Br. 15).  Moreover, Plaintiff argues that the ALJ did not consider Dr. Pimentel's comments regarding a 2009 echocardiogram which showed decreased function and palpitations associated with nausea, shortness of breath and neurological changes.  Id. She argues that the ALJ's failure to recognize that Dr. Pimentel's opinion related back to before June 30, 2009, and his failure to discuss the comments relating to that time is error requiring remand.  Id. at 16.

**A.    Standard for Evaluating Medical Opinions**

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations.  20 C.F.R. § 404.1527(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2012).  A physician who has treated a patient frequently over an extended period of time (a treating source)[3] is

---

[3]The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.
        "Nontreating source:" an "acceptable medical source" who has examined the

expected to have greater insight into the patient's medical condition, and her opinion is generally entitled to "particular weight."  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p).  The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must confirm that the opinion is also consistent with other substantial evidence in the record.  Id.  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

If the treating source opinion is not given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id.  Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion

---

claimant, but never had a treatment relationship.  Id.
 "Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. § 404.1527(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)). After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion, and "if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. 350 F.3d at 1301 (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

**B.     Analysis**

With regard to Dr. Pimentel's treatment of Plaintiff, the ALJ noted only that she had performed a cardiac ablation on Plaintiff in December 2009, and had noted at the time that Plaintiff had a patent foramen ovale (hole between two chambers of the heart) for which there was no need for closure at that time. (R. 15). The record reveals that Dr. Pimentel began treating Plaintiff on November 17, 2009, and decided to perform a cardiac ablation. (R. 352-56). Dr. Pimentel continued to treat Plaintiff, and her last treatment note in the record is dated April 15, 2011. (R. 685-87).

In two sentences quoted here in their entirety, the ALJ acknowledged that Dr. Pimentel had provided two opinions relating to Plaintiff's abilities and he accorded "little weight" to either of them:

> As for the opinion evidence, I note the October 14, 2010 and August 30, 2011 opinions of Rhea Pimentel, M.D. (Ex. 17F, 23F [(R. 574-76, 799-

9

800)]). These opinions relate to the claimant's limitations after her date last insured, so they are given little weight in this decision.

(R. 16). With regard to Dr. Pimentel's Medical Source Statement dated October 14, 2010, the court finds no error in the ALJ's evaluation. That Medical Source Statement provides no indication whatever that it relates to anything other than the date on which it was completed which was more than a year after Plaintiff's date last insured. It was not error to accord "little weight" to that opinion.

However, Dr. Pimentel also provided a "Medical statement regarding Heart Failure" dated August 30, 2011. (R. 800). That form included the question "Did the aforementioned limitations exist prior to June 30, 2009." Id. Dr. Pimentel responded "Yes some see astericks [sic] the patient could not work due to her cardiomyopathy and palpitations." Id. Dr. Pimentel inserted asterisks in front of her notations that Plaintiff can stand only 15 minutes at one time, can lift 10 pounds occasionally, and can lift 5 pounds frequently, suggesting that in her opinion these three limitations applied even before June 30, 2009. Id. She included "Comments:" in the form: "Mrs. Kline had an echocardiogram in 2009 which showed decreased LV function.[4] She also had debilitating palpitations assoc. with nausea, shortness of breath & neurological changes." Id. The

---

[4] It is the Commissioner's duty in the first instance to evaluate the evidence, so the court will not presume to interpret this comment. The Commissioner must do so on remand. However, the court notes that earlier in this form Dr. Pimentel inserted a notation indicating "cardiomyopathy due to tachycardia Ejection fraction 45%." (R. 800). Therefore, this comment might mean "decreased left ventricular function."

10

ALJ's finding that these limitations and comments relate only to the period after Plaintiffs date last insured is erroneous on its face, and cannot stand in the face of the evidence.

In an apparent attempt to overcome this obvious problem, the Commissioner argues that Dr. Pimentel's opinion regarding Plaintiff's limitations before June 30, 2009 is not a treating source opinion because she did not begin treating Plaintiff until November 2009, five months after Plaintiff's date last insured. (Comm'r Br. 20). She argues that the ALJ found that Dr. Pimentel's opinions were not worthy of controlling weight and properly assessed them in accordance with the regulatory factors for weighing medical opinions. (Comm'r Br. 20). She argues that the ALJ considered several factors in weighing Dr. Pimentel's opinions including the nature and extent of the treatment relationship, the consistency of the opinions with contemporaneous reports in 2009, Plaintiff's continued history of work during the period at issue, and Dr. Pimentel's treatment records. Id. at 20-23. She argues, "In sum, the ALJ's findings suffice as good reasons for giving less weight to Dr. Pimentel's medical opinion," and the decision to give the opinions "less weight" "is supported by substantial evidence." Id. at 23.

The biggest problem with the Commissioner's rationale is that the ALJ did not use it. Had he done so, the court would be able to evaluate the rationale and determine if it is supported by substantial record evidence. However, an ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe, 755 F.2d at 149 n.16. A

reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). Here, the only reason given by the ALJ for discounting Dr. Pimentel's 2011 opinion was that it "relate[s] to the claimant's limitations after her date last insured." (R. 16). As noted above, that rationale does not agree with the content of the opinion.

Perhaps, the court might find the ALJ's error to be harmless if it could confidently say that no reasonable administrative factfinder, following the correct analysis, could have credited Dr. Pimentel's opinion. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). The court cannot make that determination. Shortly before discounting Dr. Pimentel's opinion, the ALJ specifically commented that this is a difficult case because it looks like Plaintiff is now disabled and because "there is <u>no indication</u> that the claimant's current disability occurred on or before the date last insured." (R. 16) (emphasis added). Moreover, the ALJ stated, "In terms of the claimant's alleged complete disability, there is <u>no indication</u> that prior to the date last insured that the claimant could not perform work activity." (R. 15) (emphasis added). Contrary to the ALJ's apparent concern, Dr. Pimentel's opinion is <u>some indication</u>, by a <u>treating physician</u> who is a <u>cardiac specialist</u> that Plaintiff could not perform work activity before her date last insured. If the ALJ were aware of the details of that opinion, it is clearly possible that he might have credited the opinion and found that Plaintiff became disabled before the expiration of her date last

12

insured. Remand is necessary for the ALJ to make that determination based upon a proper understanding of Dr. Pimentel's opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 22nd day of July 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**